UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CR00631 CAS (AGF) |
| ) | |
| GERALD T. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**ORDER REGARDING DEFENDANT'S MENTAL COMPETENCY
AND SETTING DATES FOR PRETRIAL PROCEEDINGS**

This matter came before the Court on the motion of Defendant Donald Ray Evans for an examination pursuant to 18 U.S.C. §§ 4241(a) and 4242, to determine the mental competency of Defendant to understand the nature and consequences of the proceedings and assist properly in his defense, and to determine whether Defendant was suffering from any mental disease or defect at the time of the offense. An examination was ordered pursuant to 18 U.S.C. §§ 4241(b), 4242 and 4247, and Defendant was examined privately by Michael T. Armour, Ph.D.

A forensic evaluation dated April 27, 2005 (the "Medical Report"), was completed pursuant to 18 U.S.C. § 4247(b) and (c), and was forwarded to the Court by Defendant on March 11, 2005. (Dkt. # 24, filed under seal). The Medical Report was signed by Dr. Michael T. Armour, a licensed psychologist, and concluded that Defendant was able to understand the nature and consequences of the court proceedings against him and to cooperate and assist counsel in his defense. Dr. Armour also concluded that in his

opinion, "Mr. Williams does not qualify for 'diminished capacity' consideration due to a mental disorder at the sentencing," and he found "no discernible link between [Defendant's] depression and his possession of child pornography."

On May 17, 2005, a hearing was held pursuant to 18 U.S.C. § 4247(d). Defendant was present and represented by his attorney, Assistant Federal Public Defender Thomas F. Flynn. The government was represented by Assistant United States Attorney Carrie Costantin. Neither party had any objections to the Medical Report, and neither party believed there was a need for any further testing or evaluation. Counsel for Defendant also represented that based upon his recent interactions with Defendant, he believed that Defendant was able to under the nature and consequences of the proceedings and able to assist in his defense. Having reviewed the report of Dr. Armour, in which he concludes (1) Defendant is able to understand and appreciate the nature and consequences of the proceeding and to assist properly in his own defense, and (2) Defendant was not suffering from any mental disease or defect at the time of the offense charged that might provide grounds for a finding of diminished capacity; having previously observed Defendant in prior proceedings before this Court; and having discussed the matter with Defendant at the hearing,

**THE UNDERSIGNED HEREBY FINDS**, pursuant to 18 U.S.C. §§ 4241(a) and (d), that Defendant Gerald T. Williams is mentally competent to stand trial and is able to understand the nature and consequences of the proceedings and to assist properly in his own defense.

**IT IS HEREBY ORDERED** that the stay previously entered in this matter is lifted. In light of Defendant's representation that he will be filing a motion to continue the current trial setting, Defendant shall have until **May 24, 2005** to file any motions or waiver of motions. The government shall have until **May 31, 2005** to file a response.

**IT IS FURTHER ORDERED** that an evidentiary hearing on any pretrial motions or waiver of motions shall be held on **Monday, June 6, 2005, at 1:30 p.m.** Defendant is required to attend.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 17th day of May, 2005.