UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:04CR00631 CAS (AGF) |
| GERALD THOMAS WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pretrial motions filed by the parties. Pretrial matters were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). Defendant filed a motion to dismiss the indictment and a motion to suppress evidence and statements. (Doc. Nos. 29 & 30).

An evidentiary hearing was held on June 6, 2005. The government was represented by Assistant United States Attorney Carrie Costantin. Defendant was present and represented by his attorney, Assistant Federal Public Defender Thomas F. Flynn. At the hearing, Defendant withdrew his motion to suppress evidence and statements (Doc. No. 30), and the government thereafter withdrew its motion to determine the admissibility of statements (Doc. No. 6), leaving only the motion to dismiss for determination. The trial is scheduled for Tuesday, July 5, 2005, at 9:30 a.m.

## CONCLUSIONS OF LAW

Apart from paragraph 6, which challenges the constitutionality of the statute, Defendant has filed essentially a form motion to dismiss the indictment, charging that the indictment is vague, uncertain, indefinite, and ambiguous; that it does not contain a plain, concise, and definite statement of the essential facts constituting the offense charged; that it is duplicitous and multiplicitous; and that it fails to inform Defendant of the nature of the charges against him. He further alleges that insufficient competent evidence was presented to the grand jury.

To be legally sufficient on its face, the indictment must contain all the essential elements of the offenses charged, it must fairly inform the defendant of the charges against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a conviction or an acquittal as a bar to a subsequent prosecution. United States Const. Amends. V and VI; Fed.R.Crim.P. 7(c); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Just, 74 F.3d 902, 903-04 (8th Cir. 1996); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831 (1994); United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980).

Defendant is charged in one count with the possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The offense charged has three essential elements: (1) the knowing possession of material that contains images of child pornography; (2) where such images are visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct; and (3) the images are

contained on material that has been transported in interstate commerce. United States v. Rayl, 270 F.3d 709, 714-15 (8th Cir. 2001). The indictment in the instant case is a plain, concise, and definite statement of the essential facts constituting the offenses charged and complies in all respects with Rule 7(c) of the Federal Rules of Criminal Procedure. The indictment also tracks the underlying statutes and its definitions and, therefore, is sufficient. See United States v. Williams, 923 F.2d 76, 77 (8th Cir.), cert. denied, 502 U.S. 841 (1991). See also O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curium) (to establish jurisdictional defect, defendant must show that indictment "on its face fails to state an offense."). Moreover, the indictment specifies the approximate dates of the alleged offense, as well as the factual basis for the charges, allowing Defendant to prepare a defense, including one based on double jeopardy. See United States v. Mallen, 843 F.2d 1092, 1102-03 (8th Cir.), cert. denied, 488 U.S. 849 (1988).

Defendant alleges that the indictment was returned on the basis of insufficient and/or incompetent evidence presented to the grand jury, however, he does not specify the basis for this assertion and made no argument regarding this assertion at the hearing. An indictment valid on its face is immune from attack by a claim that there was insufficient competent evidence presented to the grand jury. Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for a trial of the charge on its merits. The Fifth Amendment requires nothing more."). An indictment may be based in whole or in part on hearsay evidence. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959); United States v. Bednar, 728 F.2d 1043, 1049 (8th Cir.), cert. denied, 469

U.S. 827 (1984). While there is no record that any illegally seized evidence was presented to the grand jury in the present case, and Defendant has not asserted that any evidence related to him is subject to suppression, the indictment, in any event, would not be rendered invalid by such evidence. United States v. Calandra, 414 U.S. 338, 354 (1974); United States v. Levine, 700 F.2d 1176, 1179 (8th Cir. 1983).

Defendant further contends that the indictment is duplicitous and multiplicitous. Duplicity is the joining of two or more distinct and separate offenses in a single count. United States v. Street, 66 F.3d 969, 974 (8th Cir. 1995). The danger in a duplicitous indictment is that the jury may convict the defendant without a unanimous agreement on the defendant's guilt. Id.; United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994), cert. denied, 513 U.S. 1156 (1995). The indictment in this case is not duplicitous, as Count I contains only one charge, namely, the possession of multiple images of child pornography on or about July 1, 2004, on a particular computer hard drive. United States v. Calderin-Rodriguez, 244 F.3d 977, 985 (8th Cir. 2001) (indictment for conspiracy to distribute controlled substances not rendered duplicitous by fact conspiracy involves more than one drug).

An indictment is multiplicitous if a single offense is charged in several counts in an indictment. Street, 66 F.3d at 974; United States v. Dixon, 921 F.2d 194, 196 (8th Cir. 1990). The dangers of this practice are that multiple sentences may result from a single offense, and it may suggest to the jury that the defendant committed more than one crime. Id. Multiplicity does not exist if each count of the indictment requires proof of facts that differ from the other counts, notwithstanding a substantial overlap in the

evidence offered.  Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Wilkinson, 124 F.3d 971, 975 (8th Cir. 1997).  The indictment here is not multiplicitous as but a single count is charged.

Finally, and most significantly, Defendant argues that 18 U.S.C. § 2252A(a)(5)(B) is illegal, void, and unconstitutional on its face and as applied, and exceeds the power of Congress under the Commerce Clause, as the "means of production" does not have a "substantial effect" on interstate commerce.  In support of this assertion, Defendant cites a recent case from the Eleventh Circuit, United States v. Maxell, 386 F.3d 1042 (11th Cir. 2004).  In Maxwell, the Eleventh Circuit held that there was nothing commercial about the possession of home-made child pornography, even if it was saved on computer disks imported from out-of-state.  Id. At 1056.  As both the government and Defendant acknowledge, however, the Eighth Circuit has addressed this very issue and has ruled to the contrary, upholding the constitutionality of the statute even after the ruling in Maxwell.  See United States v. Mugan, 394 F.3d 1016, 1022-23 (8th Cir. 2005); United States v. Hampton, 260 F.3d 832, 834-35 (8th Cir. 2001), cert. denied, 535 U.S. 1058 (2002); United States v. Bausch, 140 F.3d 739, 741 (8th Cir. 1998), cert. denied, 525 U.S. 1072 (1999).  This Court is bound by the Eighth Circuit case law.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Indictment (Doc. #29) be **denied**.

The parties are advised that they have ten (10) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir.1990).

                                                _____
                                                AUDREY G. FLEISSIG
                                                United States Magistrate Judge

Dated this 7th day of June, 2005.